Patricia KONARSKI; et al., Plaintiffs—Appellants,

v.

CITY OF TUCSON; et al., Defendants—Appellees.

Frank Konarski, Individually as husband, and as owner of FGPJ apartments; et al., Plaintiffs—Appellants,

v.

Mary Jean Raciti, as City of Tuscon senior city attorney and individually; et al., Defendants—Appellees.

Nos. 06–17139, 07–16062.

United States Court of Appeals, Ninth Circuit.

Argued and submitted Aug. 13, 2008.*

Filed Aug. 18, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark F. Willimann, Esquire, The Law Office of Mark F. Willimann, Tucson, AZ, for Plaintiffs–Appellants.

Julianne K. Hughes, Esquire, Office of the Tucson City Attorney, Gary Jay Cohen, Esq., Mesch, Clark & Rothschild, Tucson, AZ, for Defendants–Appellees.

Before: SILER,** MCKEOWN, and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Frank Konarski and his children appeal from the district court's dismissals of two of their actions seeking relief from the City of Tucson's decision not to enter into any new contracts with them under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437, *et seq.* We agree with the district court that the two suits were barred by *res judicata,* and affirm.

Sometime prior to 1998, Frank Konarski had one or more disputes that apparently had racial overtones with tenants of his apartment structure and that led the Tucson Community Service Department to decline to enter into any new Section 8 contracts with him.[1] The Konarskis brought several lawsuits as a result of the incident and the decision not to enter into any new contracts. Most relevant for these appeals was *Konarski v. Gaffney, et al.,* which became District of Arizona Civ. No. 01–503 TUC DCB.[2] In that case, the district court determined that the plaintiffs had "no right to participate in the Section 8 program." The district court's decision was affirmed by the Ninth Circuit. *Konarski v. Valfire,* 67 Fed.Appx. 458 (9th Cir.2003).

In these appeals, the Konarskis assert that their complaints are not barred by *res*

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. This lawsuit was filed in the United States District Court for the District of Columbia as Case No. 1:01CV00975, and was subsequently transferred to the United States District Court for Arizona.

*judicata* because there is neither privity between the parties nor identity of claims. A subsequent complaint is barred by *res judicata* where there are "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir.2005). All parties agree that there are final judgments in the Konarskis' prior actions.

 There is privity in these cases because each current defendant is a government or government employee who is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997); *see also Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03, 60 S.Ct. 907, 84 L.Ed. 1263 (1940) (holding that there is privity between officers of the same government).[3]

 Furthermore, to the extent that the Konarskis' current claims are not directly controlled by the prior judgment holding that they have no right to participate in the Section 8 program, the claims are barred because they could have been raised in the prior action. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (holding that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"). The Konarskis' assertion that they could only be suspended from the Section 8 program for 18 months is dependent upon their having a right to participate in the program, but

that issue has been finally resolved against them.

Finally, we agree with, and reiterate, the district court's warning when it denied defendants' request for sanctions that "[s]hould the Plaintiffs continue to file the same claims, which have been ruled upon by three District Court Judges"—and now at least twice by this court—"the Court will consider sanctions."

For the forgoing reasons, the district court's dismissals of these two actions are **AFFIRMED.**

---

3. Frank Konarski's children, plaintiffs in District Court No. CV–04–00260–FRZ, admit in their brief that they were "a part of the group of plaintiffs that brought forth a claim in 2001."

